## GOLDSMITH vs. STETSON & CO.

[BILL IN EQUITY BY WIFE TO ESTABLISH IMPLIED TRUST.]

1. *When implied trust will be fastened upon property bought by trustee.*—If a trustee invests the trust funds in his hands in specific property, into which the money may be traced, he will be held a trustee of that property for the *cestui que trust;* but where the husband, being trustee of his wife, invests her separate funds, with his own, in his mercantile business, and conducts his business for several years on their joint funds, the wife cannot, as against an attaching creditor of the husband, fasten a trust upon the goods for the funds so invested.

APPEAL from the Chancery Court of Mobile.
Heard before the Hon. WADE KEYES.

THIS bill was filed by Mrs. Sarah Goldsmith, the appellant, who sued by her next friend, alleging that she intermarried with her present husband, in this State, in 1849; that she was possessed, at the time of her marriage, of $2,000, which, by ante-nuptial contract with her husband, was settled and secured to her separate use; that no trustee was appointed in said marriage-contract; that said $2,000 went into the possession of her husband, as her trustee, and was invested by him, with his own capital, in the boot and shoe business, which he was then carry-

ing on in Mobile; that the business was carried on by him, with their joint funds, until March, 1855, when his stock of goods was seized under an attachment at the suit of M. S. Stetson & Co.; that complainant notified the sheriff, at the time of the levy of the attachment, that she claimed an interest in the goods, and made an affidavit setting forth the nature of her claim; that thereupon Stetson & Co., with full knowledge of her interest in the goods, indemnified the sheriff, and induced him to sell them; and that the proceeds of sale are in the hands of the clerk by whom the attachment was issued, and who is made a defendant to the bill. The prayer of the bill is, that the clerk may be enjoined from paying the money in his hands to the plaintiffs in attachment, and decreed to pay it to the complainant; and the prayer for general relief is added.

The chancellor dismissed the bill, on motion, for want of equity; and his decree is now assigned as error.

Wm. Boyles, and G. Y. Overall, for the appellant, cited Love v. Graham, 25 Ala. 187; Bridges & Co. v. Phillips, 25 Ala. 136.

K. B. Sewall, contra.

WALKER, J.—To the equity of the complainant's bill the maintenance of the following consecutive propositions is necessary: 1. That the complainant had, after her marriage, a separate estate in the two thousand dollars delivered to her husband. 2. That her husband was, as to this fund, a trustee for her. 3. That the trust was carried into, and fastened upon the goods levied on. 4. That that trust may be forced upon the conscience of the plaintiffs in attachment, who caused the goods to be sold, or upon the money arising from the sale.

Waiving the consideration of the other propositions, the third is, in our opinion, untenable; consequently, the equity of the bill fails. A trustee, who holds money for another, and who invests that money in any specific property, into which it may be traced, will be held a trus-

tee of the property for the *cestui que trust.*—Bridges & Co. v. Phillips, 25 Ala. 136; Love v. Graham, 25 Ala. 187. But, if the trust fund is mingled with the funds of the trustee, and not capable of being distinguished, the trust cannot be visited upon the property, but remains a mere moneyed liability.—Stewart & Irvine v. Fry, 3 Ala. 573; Maury v. Mason, 8 Porter, 211; 2 Story's Equity, §§ 1258–59. In Trecothick v. Austin, 4 Mason, 11, Judge Story uses the following language: "If the testator has money or other property in his hands, belonging to others, which is in trust, or otherwise; and it has no ear-marks, and is not distinguishable from the mass of his own property,—the party must come in as a general creditor." This language is approved in Maury v. Mason, *supra.* In Stewart & Irvine v. Fry, *supra,* we find the same principle thus stated: "Independent of the rule peculiarly applicable to mortgages, these profits, so far as received by the intestate, and carried into his general funds, cannot be reached by the mortgagees as a trust. In such a case, the trust fund is not capable of distinction, and it remains only as a general debt. This is the universal rule, both with regard to bankruptcies and intestacies."

The complainant says in her bill, that the two thousand dollars belonging to her were put in with a capital of her husband, and carried into a boot and shoe store; and that the husband carried on his business, on the commingled money of himself and wife, from their marriage in 1849, to the levy of the attachment in 1855. Now the complainant's money, it seems, was indiscriminately mixed with her husband's in trade, and thus commingled with the proceeds of his skill and industry applied to the business, for about six years. It would be most unreasonable, to suppose that a fund, without ear-marks for its identification, could thus be commingled, and subjected to all the changes and vicissitudes of a mercantile business, for so long a time; and yet be identified, and traced into the particular goods levied on. Upon the principles of law above laid down, we conclude, that the complainant cannot visit the trust, if it exists, upon the goods levied on;

and that she has, therefore, no interest whatever in the money arising from the sale.

It is certainly true, that if a trustee carries the trust funds into trade, and makes profits, he is chargeable with those profits; but there is no principle which will enable a *cestui que trust* to take the goods of a mercantile concern, because the trustee, some years before, had appropriated the trust funds to its benefit, and commingled them with his own in the business.

We do not pass upon the other arguments against the equity of the bill which are found in the brief of the appellee's counsel, because the position which we have taken seems fatal to the only ground upon which it is attempted to maintain the equity of the bill.

The decree of the chancellor is affirmed.